IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| Nerak Scaife (#243344), | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17 C 8946 |
| v. | ) | |
| | ) | Judge Frederick J. Kapala |
| | ) | |
| Naomi Favre, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [7] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $5.95 from Plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this order. The Clerk of Court shall send a copy of this order to the trust fund officer at the Kendall County Jail. Defendants Deputy Boyd and DeKalb County Jail are dismissed. The Clerk of Court is further directed to: (1) file Plaintiff's complaint; (2) issue summonses for service of the complaint on Defendants Favre and Davis; and (3) send Plaintiff two blank USM-285 service forms, a magistrate judge consent form, filing instructions, and a copy of this order. The Court advises Plaintiff that a completed USM-285 form is required for each Defendant. The U.S. Marshal will not attempt service on Defendants unless and until the required forms are received. The U.S. Marshal is appointed to serve Defendants.

## STATEMENT

Plaintiff Nerak Scaife, who is currently incarcerated at Kendall County Jail, brings this *pro se* lawsuit pursuant to 42 U.S.C. § 1983 in connection with an alleged incident of force used against him that occurred at DeKalb County Jail on May 4, 2017. (Dkt. 1) Before the Court are Plaintiff's application for leave to proceed *in forma pauperis* and his complaint for initial review under 28 U.S.C. § 1915A.

Plaintiff's application for leave to proceed *in forma pauperis* demonstrates that he cannot prepay the filing fee and is thus granted. Pursuant to 28 U.S.C. § 1915(b)(1), (2), the Court orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $5.95 to the Clerk of Court for payment of the initial partial filing fee and (2) Plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The Court directs the Clerk of Court to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has been

paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this case.

Under 28 U.S.C. § 1915A(a), the Court is required to screen *pro se* prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims in the same manner as ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

The complaint alleges as follows: on May 4, 2017, Plaintiff was told that he would be transferred from DeKalb County Jail to Kendall County Jail. (Dkt. 1, pg. 6.) Because Plaintiff feared for his life at Kendall County Jail, he refused the transfer. (*Id.*) He stripped naked and put his arms and legs through the bars of his cell door. (*Id.*) Deputy Shane Davis punched and kicked his legs, and Plaintiff was then sprayed in the face with pepper spray. (*Id.*) Deputy Naomi Favre made a comment about Plaintiff hiding his face, and then she pepper sprayed him in the genitals until he screamed. (*Id.*) An unidentified officer continued kicking Plaintiff's legs. (*Id.*) Deputy Davis bent Plaintiff's finger until Plaintiff "let go". (*Id.*) Still naked, Plaintiff was handcuffed and walked down a hallway to a padded cell. (*Id.*) Plaintiff begged for and received a shower. (*Id.*) As he showered, officers laughed as he screamed from his burns. (*Id.*) When he stepped out of the shower, Deputy Boyd looked at Plaintiff's penis and said, "it's not much to look at". (*Id.*) All the officers laughed. (*Id.*) Plaintiff contends that the following was unlawful: (1) the beating by Deputy Davis; (2) the use of pepper spray by Deputy Favre; (3) Deputy Boyd's comment about his penis; and (4) allowing female officers to be involved in responding to the situation given that he was naked. (*Id.*, pg. 7.) Plaintiff names Deputy Davis, Deputy Favre, and Deputy Boyd as Defendants in this action.

Accepting Plaintiff's factual allegations as true (as the Court must do at this stage of the proceedings), Plaintiff has stated a colorable claim that the force used by Deputy Favre and Deputy Davis was objectively unreasonable under the circumstances. Because Plaintiff was a pretrial detainee at the time of the incident, his claim arises under the Fourteenth Amendment's Due Process clause. *See Kingsley v. Hendrickson*, — U.S. —, 135 S. Ct. 2466, 2473 (2015) (citing *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989)). Under the Fourteenth Amendment, a correctional officer's use of force is excessive where it "amounts to punishment," is "not 'rationally related to a legitimate governmental purpose,'" or "'appear[s] excessive in relation to that purpose'" when viewed objectively. *Kingsley*, 135 S. Ct. at 2473 (quoting *Bell v. Wolfish*, 441 U.S. 520, 538-41 (1979)). The determination of whether the force used was unreasonable should be informed by "[c]onsiderations such as the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *See id*. at 2472-73. Here, Plaintiff's allegations are sufficient to raise a plausible inference at the pleading stage that the use of force by Deputies Favre and Davis was not objectively reasonable. Accordingly, Plaintiff may proceed against Defendants Favre and Davis for allegedly unreasonable use of force in connection with the May 4, 2017 incident.

All other potential claims and Defendants Boyd and DeKalb County Jail are dismissed, as discussed below.

First Plaintiff's allegations fail to state a claim against Deputy Boyd regarding the alleged verbal harassment. A correctional officer may violate the Constitution through purely verbal conduct, such as threats of grave violence or taunts or name-calling that may subject the target inmate to harm. *See Beal v. Foster*, 803 F.3d 356, 357-58 (7th Cir. 2015); *Dobbey v. Ill. Dep't of Corr.*, 574 F.3d 443, 445 (7th Cir. 2009); *Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001). However, where such verbal harassment is "'fleeting,'" or "too limited to have an impact," it will not, standing alone, violate the Constitution. *See Beal*, 803 F.3d at 358 (discussing *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000)). The complaint identifies only the exchange on May 4, 2017 and no other instances of alleged harassment. Additionally, Plaintiff has not set forth any allegations suggesting that he suffered any particular risk of harm or violence from Deputy Boyd's verbal comment alone, which is not alleged to have been made in front of any other inmates. Accordingly, Plaintiff's allegations fail to state a claim for verbal harassment against Deputy Boyd, who is dismissed.

Plaintiff's allegations about female officers seeing him naked also do not state a federal claim. There is no Fourth Amendment or substantive due process right to seclusion from guards. *Johnson v. Phelan*, 69 F.3d 144 (7th Cir. 1989) (approving the use of cross-sex monitoring of showers, noting that "an interest in efficient deployment of the staff" supports the practice); *King v. McCarty*, 781 F.3d 889, 899-901 (7th Cir. 2015) (Fourth Amendment provides no protection for a "prolonged visual search in which [plaintiff] was not touched"). Nor has Plaintiff stated an Eighth Amendment claim. "A prisoner states a claim under the Eighth Amendment when he

3

plausibly alleges that the [incident] in question was motivated by a desire to harass or humiliate rather than by a legitimate justification, such as the need for order and security." *King*, 781 F.3d at 897. There are no allegations in the complaint suggesting that the Jail deployed female officers to respond to the incident in order to humiliate Plaintiff.

Finally, named-Defendant "DeKalb County Jail" is not a suable entity. *See, e.g., Castillo v. Cook County Department Mail Room*, 990 F.2d 304 (7th Cir. 1993); *see also Fanning v. Cook County*, No. 05 C 2020, 2006 WL 385065, at *3 (N.D. Ill. Feb. 15, 2006) (the Cook County Department of Corrections is not a suable entity); *Fergurson v. Cook County Jail*, No. 04 C 7087, 2004 WL 2967444, at *2 (N.D. Ill. Nov. 19, 2004) (jail is not a suable entity). Defendant DeKalb County Jail is therefore dismissed.

Summonses will issue as to Deputies Favre and Davis. The Clerk of Court will mail Plaintiff two blank USM-285 (U.S. Marshals service) forms for Defendants. A completed USM-285 form is required for each Defendant. The U.S. Marshal will not attempt service on Defendants unless and until the required forms are received. Plaintiff must therefore complete and return a service form for each Defendant, and failure to do so may result in the dismissal of the unserved Defendant, or dismissal of this case in its entirety for lack of prosecution.

The U.S. Marshals Service is appointed to serve Defendants. The U.S. Marshal is authorized to send a request for waiver of service to Defendants in the manner prescribed by Federal Rule of Civil Procedure 4(d) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the clerk of this court in care of the Prisoner Correspondent. Any letters or other documents sent directly to a judge or that otherwise fail to comply with these instructions may be disregarded by the Court or returned to Plaintiff. Plaintiff is advised that he must promptly submit a change-of-address notification if he is transferred to another facility. Failure to do so may lead to dismissal of this action for want of prosecution.


Date:   January 25, 2018